IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-3135-BO

| | |
|---|---|
| CHARLES LEE GILLENWATER II, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| FRANK L. CIKUTOVICH, ) | |
| Defendants. ) | |

On June 10, 2013, plaintiff filed this civil rights action while housed at Butner - Federal Medical Center.[1] He brings this action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) for violations of the Fifth, Sixth, and Eighth Amendments by his counsel which appears to have been appointed for his federal criminal proceedings. See United States v. Gillenwater, II, 2:11-CR-121-LRS-1. He appears to be a pre-trial detainee. Id. The matter is properly before the court for a frivolity determination pursuant to 28 U.S.C. § 1915. A claim having no arguable basis in law or in fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989).

A pro se complaint must be liberally construed. See Estelle v. Gamble, 429 U.S. 106 (1976). Nevertheless, "principles requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff names Frank L. Cikutovich, an attorney with the Federal Defender Office in Spokane, Washington, as the defendant to the action. Compl., III. Parties. His claim is that on or about

---

[1]Plaintiff has filed several actions in this district which are currently pending review. Gillenwater v. Lucking, 5:13-CT-3056-BO (filed 3/18/13); Gillenwater v. Cikutovich, 5:13-CT-3135-BO (filed 5/30/13); and Gillenwater v. United States, 5:13-CT-3255-BO (filed 10/16/13).

July 13, 2012, at Butner-F.M.C. defendant Cikutovich, "under color of law, intentionally . . . deprived me of my 5th, 6th, and 8th Amendment rights . ." Compl., IV. Statement of Claims.

As stated by plaintiff, Cikutovich is a public defender. As such, he is neither a state or federal actor and not amendable to suit. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Defense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed by the state, or employed as public defenders."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (same); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (per curiam) (same).

Lastly, this court will not interfere in the ongoing criminal proceeding before another district court judge in another United States district court. "Issues that counseled parties attempt to raise *pro se* need not be considered except on a direct appeal in which counsel has filed an *Anders* brief." United States v. Essig, 10 F.3d 968, 973 (3rd Cir. 1994). A federal criminal matter remains pending. Petitioner is represented. In the court's discretion, in the interest of avoiding conflicting arguments, and to foster judicial efficiency the matter is dismissed.

ACCORDINGLY, the matter is DISMISSED as FRIVOLOUS. Having so determined, all other pending motions (D.E. 4, 5, and 6) are DENIED as MOOT.

SO ORDERED, this the 22 day of October 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2